FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 13 2013 ★


LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JARED TROCCOLI,

Plaintiff,

-against-

TARGET STORE # 1108,

Defendant.
---------------------------------------------------X

**ORDER**
13-CV-00627 (SJF)(WDW)

FEUERSTEIN, District Judge:

On January 29, 2013, *pro se* plaintiff Jared Troccoli ("plaintiff") filed a complaint against his former employer, Target Store #1108 ("defendant"), alleging employment discrimination and retaliation, accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed with leave to amend.

I. Background

Plaintiff filed the instant complaint on the Court's employment discrimination complaint form, but he does not indicate the nature of the alleged employment discrimination or the statute allegedly violated by defendant. (See Compl. at 1). Plaintiff alleges only that he suffered retaliation and was "accused of sexual harrassment [sic]," but he fails to plead facts supporting any inference that such conduct by the defendant was based on a protected characteristic, i.e., race, color, gender, religion, national origin, age or disability. (See Compl. at ¶¶ 7-8). The only factual allegations in the complaint are that plaintiff was "accused of stealing $243.00 from [defendant] against false allegations" and that he was "accused of sexual harassment . . . because [he] made

music CDs for [the] Human Resources Manager [] and [he] wrote 'Love Jared' at the bottom of the letter . . . ." (Compl., at ¶ 8).

II. Discussion

A. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (citations omitted); Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), cert. denied, 133 S. Ct. 466, 184 L. Ed. 2d 261 (2012).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010), aff'd, 133 S. Ct. 1659 (Apr. 17, 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed.2d 868 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard, Twombly, 550 U.S. at 570, 127 S. Ct. 1955, nor does it "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). As the Iqbal court explained, the plausibility standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc., 712 F.3d 705 (2d Cir. 2013) (accord).

B. Employment Discrimination Statutes

1. Discrimination

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job

training and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

"The *sine qua non* of a * * * discriminatory action claim under Title VII [or the ADEA or ADA] is that the discrimination must be *because of* [a protected characteristic]." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); see also Ricci v. DeStefano, 557 U.S. 557, 577, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) ("A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job related action." (quotations and citation omitted)); Kentucky Retirement Systems v. EEOC, 554 U.S. 135, 141, 128 S. Ct. 2361, 171 L. Ed. 2d 322 (2008) ("[W]here * * * a plaintiff claims age-related 'disparate treatment' * * * the plaintiff must prove that age *actually motivated* the employer's decision." (emphasis in original) (quotations and citation omitted)); McElwee v. County of Orange, 700 F.3d 635, 640 (2d Cir. 2012) ("To assert a claim under Title II of the ADA * * *, a plaintiff must demonstrate that * * * he was * * * discriminated against by the defendant *because of* his disability." (emphasis added)). "It is axiomatic that mistreatment at work . . . is actionable under Title VII [or the ADEA or ADA] only when it occurs because of an employee's * * * protected characteristic." Patane, 508 F.3d at 112 (quoting Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)); see also Rivera v. Rochester Genesee Regional Transp. Authority, 702 F.3d 685, 694 (2d Cir. 2012) (accord); Baur v. Rosenberg, Minc, Falkoff & Wolff, No. 07 Civ. 8835, 2008 WL 5110976, at * 5 (S.D.N.Y. Dec. 2, 2008) ("The ADEA is not violated simply because an employer misjudges the quality of its employee or an employee feels misunderstood.") Although plaintiff is not required "to plead specific facts to show a *prima facie* case of discrimination * * * dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 Fed. Appx. 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order); see also Patane, 508 F.3d at 112 n. 3 (affirming

dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim."); Jackson v. NYS Dept. of Labor, 709 F. Supp. 2d 218, 229 (S.D.N.Y. 2010), appeal dismissed, 431 Fed. Appx. 21 (2d Cir. June 15, 2011) (holding that although the plaintiff "need not allege each element of a prima facie claim to survive a motion to dismiss, * * * the facts alleged at the very least must indicate the possibility that she was discriminated against on the basis of [a protected characteristic].")

Since, *inter alia*, plaintiff fails to plead any facts that would create an inference that any of the challenged conduct by defendant, i.e., the leveling of accusations of theft and sexual harassment against plaintiff, was based upon a protected characteristic, the complaint fails to state a discrimination claim under any of the employment discrimination statutes. Accordingly, plaintiff's discrimination claims are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

2. Retaliation

All three (3) employment discrimination statutes also prohibit an employer from discriminating against any individual because such individual has opposed any act or practice made unlawful by the respective statute, i.e., because such individual has opposed an act or practice of discrimination based upon race, color, religion, sex, national origin, age or disability, or because such individual has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the respective statute. 42 U.S.C. §§ 2000e-3 (Title VII) and 12203(a) (ADA) and 29 U.S.C. § 623(d) (ADEA).

"To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) []he participated in protected activity; (2) the employer was aware of that activity; (3) the employee

suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C., — F.3d —, 2013 WL 1776646, at * 3 (2d Cir. Apr. 26, 2013) (quotations and citation omitted); see also Drumm v. SUNY Geneseo College, 486 Fed. Appx. 912, 914 (2d Cir. June 29, 2012) (summary order). "While [plaintiff] need not specifically plead every element of a *prima facie* case to survive a motion to dismiss * * * [he] must nevertheless plead facts sufficient to render [his] retaliation claims plausible." Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 187 (E.D.N.Y. 2012); see also James v. Countrywide Financial Corp., 849 F. Supp. 2d 296, 311 (E.D.N.Y. 2012) (accord).

"An employee's complaint may qualify as protected activity, satisfying the first element of this test, so long as the employee has * * * a good faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII [or the ADEA or ADA]." Kelly, — F.3d —, 2013 WL 1776646, at * 3 (quotations and citation omitted); see also Kessler v. Westchester County Department of Social Services, 461 F.3d 199, 210 (2d Cir. 2006) (Title VII and ADEA); Muller v. Costello, 187 F.3d 298, 311 (2d Cir. 1999) (ADA).

Plaintiff's complaint fails to state a claim for retaliation under any of the employment discrimination statutes because, *inter alia*, he fails to allege any facts that permit the inference that he had a good faith, reasonable belief that he challenged conduct that constituted discrimination based upon a protected characteristic. See Drumm, 486 Fed. Appx. at 914. There are no factual allegations in plaintiff's complaint from which it may be inferred: (1) that a protected characteristic played any role, no less a substantial role, in the conduct of which plaintiff complains, i.e., that he was accused of stealing money and/or of sexually harassing another employee because of his race, color, religion, sex, national origin, age or disability; or (2) that plaintiff ever opposed an

employment practice made unlawful under any of the employment discrimination statutes or participated in any proceeding under those statutes. Indeed, the complaint contains no allegation that plaintiff took any action in response to the accusations against him. Absent any allegation that plaintiff engaged in a protected activity, i.e., opposed any discriminatory act or practice made unlawful under the employment discrimination statutes, the complaint fails to state a claim for retaliation under any of the employment discrimination statutes. See, e.g. Brown v. City of New York, No. 10 Civ. 6491, 2011 WL 2693677, at * 7 (S.D.N.Y. July 11, 2011) (dismissing the plaintiff's federal retaliation claims where the complaint "wholly fail[ed] to identify any discrimination or sexual harassment-related complaint or other 'protected activity' on the part of [the] plaintiff.") Accordingly, plaintiff's retaliation claims are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411,416 (2d Cir. 2002) (quotations

and citation omitted); see also Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). Accordingly, plaintiff is granted leave to amend his complaint to cure the pleading deficiencies noted herein **provided that any such amended complaint is filed on or before June 17, 2013, or the complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.** The amended complaint shall be clearly entitled "amended complaint" and bear the same docket number as this Order. No summons shall issue at this time.

III. Conclusion

For the reasons set forth above, plaintiff's complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is granted leave to amend his complaint to cure the pleading deficiencies noted herein **provided that any such amended complaint is filed on or before June 17, 2013, or the complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: May 13, 2013
Central Islip, New York