UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JARED TROCCOLI,

        Plaintiff,

        **ORDER**
-against-        13-CV-00627 (SJF)(WDW)

TARGET STORE # 1108,

        Defendant.
----------------------------------------------------X
FEUERSTEIN, District Judge:

On January 29, 2013, *pro se* plaintiff Jared Troccoli ("plaintiff") filed a complaint against his former employer, Target Store #1108 ("defendant"), alleging employment discrimination and retaliation, accompanied by an application to proceed *in forma pauperis*. By order dated May 13, 2013, plaintiff's application to proceed *in forma pauperis* was granted, but plaintiff's complaint was *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief, provided that plaintiff file an amended complaint correcting the pleading deficiencies set forth in that order on or before June 17, 2013, or the complaint would be deemed dismissed with prejudice and judgment would be entered in favor of defendant. On May 21, 2013, plaintiff filed what purports to be an amended complaint. For the reasons set forth below, the amended complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

I.    Discussion

In the amended complaint, plaintiff alleges the following:

> "In response to my getting accused of sexual harassment by making music CD's [sic] for [defendant's] human resources manager 'Jackie Anthony' which had no problem on her behalf. When assets protection manager 'Melissa J. Bruce' said I

1

commited [sic] sexual harassment by making 'Jackie Anthony' those CD's [sic] and writting [sic] 'Love Jared' on the bottom of letter she kept the music CD's [sic] at my time of termination to cover it up, so therefore I do not have the music CD's [sic] to submit to you as proof.

My response to you as far as my complaint of my getting accused of falsely stealing $243.00 from [defendant] is for you to investigate my cash register report from [defendant] from January of 2010 up until March of 2010, since it states clearly in [defendant's] paperwork of shortages in my register from that time period.

I would also recommend for you to obtain and investigate the security camera footage from [defendant] during that time of January to March of 2010, and I will forshadow [sic] that you will not see me steal $243.00 from [defendant]."

Like the original complaint, the amended complaint still does not indicate the nature of the alleged employment discrimination or the statute allegedly violated by defendant and fails to plead facts supporting any inference that the conduct by defendant of which plaintiff complains was based on a protected characteristic, i.e., race, color, gender, religion, national origin, age or disability. Also like the original complaint, the only factual allegations in the amended complaint are that plaintiff was falsely accused of stealing two hundred forty-three dollars ($243.00) from defendant and was also accused of committing sexual harassment for making music CDs for the human resources manager and writing 'Love Jared' at the bottom of a letter. Since plaintiff has not cured the pleading deficiencies set forth in the May 13, 2013 order, for the reasons set forth in that order, the amended complaint is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. See, e.g. Drumm v. SUNY Geneseo College, 486 Fed. Appx. 912, 914 (2d Cir. June 29, 2012) (summary order); Maldonado v. George Weston Bakeries, 441 Fed. Appx. 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order) ("[D]ismissal is * * * appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim."); Brown v. City of New York, No. 10 Civ. 6491, 2011 WL 2693677, at * 7 (S.D.N.Y. July 11, 2011) (dismissing the plaintiff's federal retaliation claims where the complaint

"wholly fail[ed] to identify any discrimination or sexual harassment-related complaint or other 'protected activity' on the part of [the] plaintiff.") Plaintiff is granted leave to file a second amended complaint correcting the pleading deficiencies indicated herein and in the May 13, 2013 order, **provided that any such second amended complaint is filed on or before June 19, 2013, or the amended complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.**

Plaintiff is further advised that since leave to amend may be properly denied, *inter alia*, for "repeated failure to cure deficiencies by amendments previously allowed," Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)), **his failure to correct the pleading deficiencies set forth herein and in the May 13, 2013 order in any second amended complaint shall result in the second amended complaint being dismissed in its entirety with prejudice and judgment shall be entered in favor of defendant.** The second amended complaint shall be clearly entitled "second amended complaint," set forth all of plaintiff's allegations against defendant and bear the same docket number as this Order. No summons shall issue at this time.

III. Conclusion

For the reasons set forth above, plaintiff's amended complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is granted leave to file a second amended complaint to cure the pleading deficiencies noted herein and in the May 13, 2013 order, **provided that any such second amended complaint is filed on or before June 19, 2013, or the amended complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.**

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**
s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: June 3, 2013
       Central Islip, New York