FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 24 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JARED TROCCOLI,

          Plaintiff,

    -against-

TARGET STORE # 1108,

          Defendant.
---------------------------------------------------X

**ORDER**
13-CV-00627 (SJF)(WDW)

FEUERSTEIN, District Judge:

On January 29, 2013, *pro se* plaintiff Jared Troccoli ("plaintiff") filed a complaint against his former employer, Target Store #1108 ("defendant"), alleging employment discrimination and retaliation, accompanied by an application to proceed *in forma pauperis*. By order dated May 13, 2013, plaintiff's application to proceed *in forma pauperis* was granted, but plaintiff's complaint was *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief, provided that plaintiff file an amended complaint correcting the pleading deficiencies set forth in that order on or before June 17, 2013, or the complaint would be deemed dismissed with prejudice and judgment would be entered in favor of defendant. On May 21, 2013, plaintiff filed what purported to be an amended complaint. By order dated June 3, 2013: (1) the amended complaint was *sua sponte* dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief, provided that plaintiff file a second amended complaint correcting the pleading deficiencies set forth in that order and the May 13, 2013 order on or before June 19, 2013, or the amended complaint would be deemed dismissed with prejudice and judgment would be entered in favor of defendant; and (2) plaintiff was advised that since leave to amend may be properly denied, *inter alia*, for "repeated failure to cure deficiencies by amendments previously allowed," Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir.

1

2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)), his failure to correct the pleading deficiencies set forth in that order and in the May 13, 2013 order in any second amended complaint would result in the second amended complaint being dismissed in its entirety with prejudice and judgment being entered in favor of defendant. On June 11, 2013, plaintiff filed a response to the June 3, 2013 order, which the Court construes to be a second amended complaint. For the reasons set forth below, the second amended complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

I. Discussion

In the second amended complaint, plaintiff alleges the following:

> "I wish to be compensated for my pain and suffering that I was wrongfully accused of stealing $243.00 from [defendant] from January to March of 2010 and my $1100 I spent on restitution, court fine and probation's year time of $50 weekly payments[.] I did not steal $243.00 from [defendant] and I was accused of sexual harassment by [defendant's] employee Melissa J. Bruce by making music for HR manager Jackie Anthony[.]"

Like the original and amended complaints, the second amended complaint still does not indicate the nature of the alleged employment discrimination or the statute allegedly violated by defendant and fails to plead facts supporting any inference that the conduct by defendant of which plaintiff complains was based on a protected characteristic, i.e., race, color, gender, religion, national origin, age or disability. Also like the original and amended complaints, the only factual allegations in the amended complaint are that plaintiff was falsely accused of stealing two hundred forty-three dollars ($243.00) from defendant and was also accused of committing sexual harassment for making music for defendant's human resources manager. Since plaintiff has repeatedly failed to cure the pleading deficiencies set forth in the May 13, 2013 order, for the

2

reasons set forth in that order, the amended complaint is dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. See, e.g. Drumm v. SUNY Geneseo College, 486 Fed. Appx. 912, 914 (2d Cir. June 29, 2012) (summary order); Maldonado v. George Weston Bakeries, 441 Fed. Appx. 808, 808-09 (2d Cir. Dec. 19, 2011) (summary order) ("[D]ismissal is * * * appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim."); Brown v. City of New York, No. 10 Civ. 6491, 2011 WL 2693677, at * 7 (S.D.N.Y. July 11, 2011) (dismissing the plaintiff's federal retaliation claims where the complaint "wholly fail[ed] to identify any discrimination or sexual harassment-related complaint or other 'protected activity' on the part of [the] plaintiff.")

III.  Conclusion

For the reasons set forth above, plaintiff's second amended complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED.**  s/ Sandra J. Feuerstein

                                                    Sandra J. Feuerstein
                                                    United States District Judge

Dated: June 24, 2013
       Central Islip, New York